# Kramer Levin

Mark Baghdassarian
Partner
**T** 212.715.9193
**F** 212.715.8362
mbaghdassarian@kramerlevin.com

1177 Avenue of the Americas
New York, NY 10036
T  212.715.9100
F  212.715.8000

October 23, 2020

Hon. Paul A. Crotty, USDJ
United States District Court
Southern District of New York
500 Pearl Street, Room 735
New York, NY 10007

Re: *Melendez v. Sirius XM Radio Inc.*, Case No. 1:20-cv-06620-PAC

Dear Judge Crotty:

Pursuant to Rule 3 of the Court's Individual Practices, Defendant Sirius XM Radio Inc. ("SXM") respectfully requests a pre-motion conference regarding its anticipated motion to dismiss Plaintiff John Melendez's ("Plaintiff") claims under Fed. R. Civ. P. 12(b)(6).

SXM offers a panoply of over 300 hundred satellite radio and streaming channels, and on-demand content, to subscribers across the country. In 2006, SXM added radio personality Howard Stern to its offerings with live episodes of *The Howard Stern Show* (the "HS Show") and related material, including recordings of HS Shows from before 2006 (the "HSS Archives"). On August 19, Plaintiff filed this suit for purported violation of his right of publicity under California statutory and common law based on SXM's broadcast of pre-2004 HSS Archives where he participated as the character "Stuttering John." Dkt. No. 1, ¶¶ 39-50. Based on the legal grounds to dismiss summarized below, Plaintiff's allegations can be exposed for what they are – a publicity stunt to try to regain some notoriety based on his prior affiliation with the very popular HS Show.

## I.      Federal Copyright Law Preempts Plaintiff's Common Law and Statutory Claims

Plaintiff asserts federal copyright claims cloaked in the right of publicity law, rendering his state law claims preempted by federal law. Federal copyright law preempts state rights of publicity

The Honorable Paul Crotty
October 23, 2020

where the plaintiff seeks to enforce rights reserved to copyright owners. 17 U.S.C. § 301(a)

(Copyright Act exclusively governs works within its scope, and "no person is entitled to any such

right or equivalent right in any such work under the common law or statutes of any State"); *Jules*

*Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1155 (9th Cir. 2010); *Fleet v. CBS, Inc.*,

50 Cal. App. 4th 1911, 1919-1921 (1996) (preemption applied "to prevent a party from exhibiting

a copyrighted work [recorded performances airing on CBS]").

    That is the situation here. Plaintiff's Complaint reveals that the broadcasting of recorded

audio performances from the HSS Archives, some of which include "radio clips" of his "voice,"

forms the crux of his allegations. Dkt. No. 1, p. 1-2, ¶¶ 18, 30-31, 34. This indisputably falls within

the Copyright Act. 17 U.S.C. § 102(a)(7) ("original works of authorship fixed in any tangible

medium" expressly include "sound recordings"). Indeed, the HSS Archives are sound recordings

(as the Complaint concedes) that have allegedly been broadcast without Plaintiff's consent. Such

allegations are equivalent to an invocation of the exclusive copyright owner's rights "to reproduce

the copyrighted work," "to prepare derivative works based upon the copyrighted work," and "to

perform the copyrighted work publicly by means of a digital audio transmission." 17 U.S.C. §§

106(1), (2), (6). Because the state rights Plaintiff seeks to enforce are "equivalent" to these

exclusive federal copyright rights, preemption applies. *Fleet*, 50 Cal. App. 4th at 1919.

    Notably, preemption applies when a defendant used the plaintiff's voice simply by "using

the copyrightable sound recording that captured that voice." *Laws v. Sony Music Entm't, Inc.*, 294

F. Supp. 2d 1160, 1165 (C.D. Cal. 2003), *aff'd*, 448 F.3d 1134 (9th Cir. 2006). Here, Plaintiff

alleges SXM's purported use of these "archival recordings prominently featuring Plaintiff" is the

alleged unauthorized use of a copyrighted work. Significantly, the *Laws* court rejected the

argument that the mere appearance of Plaintiff's voice within the recordings could transmute them

The Honorable Paul Crotty
October 23, 2020

from copyrighted expressions to purported appropriations of the right of publicity. To hold otherwise would flout Congressional intent by allowing "any vocal sound recording [to] fall outside the parameters of the Copyright Act because of the use of a person's 'voice.'" *Laws*, 294 F. Supp. 2d at 1165.[1] Therefore, Plaintiff's Complaint must be dismissed on federal preemption.

## II.      Plaintiff's Silence for Years Demonstrates His Consent to the Alleged Broadcasts

Plaintiff's acquiescence for years to SXM's alleged broadcasts of the HSS Archives also defeats his claim under the right of publicity. *See e.g., Jones v. Corbis Corp.*, 815 F. Supp. 2d 1108, 1113 (C.D. Cal. 2011), *aff'd*, 489 F. App'x 155 (9th Cir. 2012) (consent through conduct is a defense to statutory/common law rights of publicity). Plaintiff acknowledges that SXM entered into an agreement with Howard Stern in 2006 and broadcasted recorded HSS Archives for years, but Plaintiff only objected just before filing this suit. Dkt. No. 1, ¶¶ 32, 37. Notably, Plaintiff does not allege that he was recorded without his consent nor does he acknowledge his acquiescence. *Id.* at ¶ 31. His sudden objections now cannot undo the implied consent from his years of silence.

## III.     Plaintiff Has Failed to Plead A Plausible Claim of Injury

Plaintiff vaguely asserts boilerplate language that he has "suffered actual damages" (Dkt. No. 1, ¶ 45), but there can be no injury to Plaintiff. "It appears equally likely that plaintiff['s] marketability is enhanced by [SXM's] conduct challenged" given that SXM allegedly broadcasted HSS Archive episodes and clips that created Plaintiff's alleged celebrity in the first instance and Plaintiff does not, because he cannot, allege how his economic interests might have been impaired. *Gionfriddo v. Major League Baseball*, 94 Cal. App. 4th 400, 415 (2001). Without any alleged harm, Plaintiff fails to state a *prima facie* case for his claims.

---

[1] Plaintiff's allegations also fail under the First Amendment. He has not alleged that SXM is prohibited from broadcasting the HS Show and Archives. The law is clear that SXM may use snippets to inform listeners about upcoming replays. *Daly v. Viacom, Inc.*, 238 F. Supp. 2d 1118, 1123 (N.D. Cal. 2002). Using plaintiff's identity to promote unrelated products may be actionable, but that is not alleged here. *Gionfriddo*, 94 Cal. App. 4th at 413-14.

The Honorable Paul Crotty
October 23, 2020

Respectfully submitted,

*/s/ Mark Baghdassarian*
Mark A. Baghdassarian (MB-7137)
Shannon H. Hedvat (SH-8579)
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036

*Attorneys for Defendant Sirius XM Radio Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersign certifies that on the 23rd day of October, 2020, the foregoing was filed electronically with the Court, with notice of the filing generated and sent electronically via the Court's CM/ECF system to all counsel of record.


*<u>/s/ Mark Baghdassarian</u>*
Mark Baghdassarian