**ZUMPANO PATRICIOS & POPOK**

417 Fifth Avenue | Suite 826
New York, New York 10016
Ph: (212) 381-9999
www.zplaw.com
mpopok@zplaw.com

October 30, 2020

**Via ECF and First-Class Mail**
Hon. Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1350
New York, New York 10007

Re: *Melendez v. Sirius XM Radio Inc.*, Case No. 1:20-cv-06620-PAC

Your Honor:

We represent Plaintiff, John Edward Melendez ("Mr. Melendez" and/or "Plaintiff"). Plaintiff submits this letter pursuant to Individual Rule 3 in response to Defendant Sirius XM Radio Inc.'s ("Defendant") letter request. *See* Dkt. No. 16.[1]

Mr. Melendez is a nationally-acclaimed, instantly-recognizable podcast host and comic professionally known as "Stuttering John." *See* Dkt. No. 1: Complaint at Intro. In 1988, Howard Stern ("Mr. Stern") hired Mr. Melendez for the Howard Stern Show ("HSS") after Mr. Stern learned that Mr. Melendez stutters. *Id.* at ¶ 8. Mr. Melendez served as a writer and performer on the HSS for more than fifteen years from 1988 through 2004 and was an integral part of the show's popularity. *Id.* at ¶¶ 10 and 12. At no time during Mr. Melendez' tenure with the HSS did he ever sign a contract or written agreement authorizing the HSS to utilize his image and voice.

---

[1] By Order dated October 27, 2020, Your Honor scheduled a Pre-Motion Conference to address Defendant's request on Monday, November 16, 2020.

Honorable Paul A. Crotty
October 30, 2020
Page 2 of 4

By 1994, the HSS had fifteen million listeners, and Mr. Melendez gained fame beyond the show. *Id.* at ¶ 14. Over the years, Mr. Melendez continued to cultivate and expand his celebrity, was selected for acting roles in numerous popular motion pictures, appeared on multiple television shows, and released two rock & roll albums. *Id.* at ¶ 17. In February 2004, Mr. Melendez left the HSS and became the announcer and a performer on Jay Leno's *The Tonight Show*. *Id.* at ¶ 23. In 2016, Mr. Melendez launched his own podcast. *Id.* at ¶ 25.

In 2006, Mr. Stern and Defendant signed a landmark five-year deal. *Id.* at ¶ 32. As part of that deal, Defendant claims to have acquired a license to air current episodes of the HSS, and to air full or partial episodes from the HSS Archives that feature Mr. Melendez as "Stuttering John." *Id.* at ¶ 33. Defendant frequently broadcasts and publicizes "Stuttering John's" participation on the HSS, without Plaintiff's consent, in order to enhance its subscription base, sell ads and drive listeners (and subscribers) to Defendant. *Id.* at ¶ 34.

Defendant's improper use of Mr. Melendez' image and voice violated Cal. Civ. Code § 3344(a), which protects his right to publicity and provides for damages sustained as a result thereof. The Complaint does not sound in copyright law. It was brought under Mr. Melendez' common law and statutory rights of publicity.

**Plaintiff's Claim is not Preempted by Federal Copyright law**

Plaintiff's statutory and common law claims are not preempted by federal copyright law. It is irrelevant to a preemption analysis that Plaintiff's image and voice are embodied in photographs or audio recordings. The theory of the case alleges that Defendant sought to benefit commercially by utilizing, without authorization, Mr. Melendez' instantly recognizable non-copyrightable personal attributes. Defendant makes the incorrect assertion that using Mr.

MIAMI | CHICAGO | NEW YORK | SALT LAKE CITY

Zumpano Patricios Satellite Offices:
ARGENTINA | BAHAMAS | BRAZIL | CHILE | COSTA RICA | CZECH REPUBLIC
DOMINICAN REPUBLIC | FRANCE | GERMANY | INDIA | ITALY | KEY WEST | MEXICO | PANAMA | POLAND | SPAIN

Honorable Paul A. Crotty
October 30, 2020
Page 3 of 4

Melendez' non-copyrightable personal attributes for commercial gain fall within federal copyright law.[2] Rather, courts have consistently held that "[a] person's name or likeness is not a work of authorship within the meaning of [the federal Copyright Act]," even if it is "embodied in a copyrightable [medium]." *Downing v. Abercrombie & Fitch*, 265 F.3d 1004, 1004 (9th Cir. 2017). Where, as here, "the [P]laintiff's claims are based on a non-copyrightable personal attribute . . . the Copyright Act does not preempt the claims." *No Doubt v. Activision Publ'g*, 702 F. Supp. 2d 1139, 1144 (C.D. Cal. 2010); *see also Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1011 (9th Cir. 2017).[3]

**<u>Defendant's Remaining Contentions Lack Merit</u>**

Defendant's remaining contentions are not appropriate for a Fed. R. Civ. P. Rule 12(b)(6) motion. At the motion to dismiss stage, all allegations are assumed to be true and Mr. Melendez' allegation that "[a]t no time has [he] consented to [Defendant's] use of his . . . image and voice for its commercial benefit without compensation" (Complaint at ¶ 44) must be afforded the deference it rightfully deserves. *See Allairee Corp. v. Okumus*, 433 F.3d 248, 249-50 (2d Cir. 2006). Further, Plaintiff has adequately asserted a claim for damages, which includes, but is not limited to, actual damages, as well as statutory damages and the disgorgement of "any profits from the unauthorized use that are attributable to use." *See* Cal. Civ. Code § 3344(a).

---

[2] Defendant's reliance on *Fleet v. CBS, Inc.*, 50 Cal. App. 4th 1911 (1996), misses the mark. Unlike *Fleet*, Mr. Melendez is not seeking to prevent Defendant from exhibiting a copyrighted work. Instead, Mr. Melendez seeks to halt Defendant's illegal use of his non-copyrightable attributes to advertise, sell, or solicit purchases of Defendant's products, merchandise, goods or services. *See* Complaint at ¶ 42.

[3] Defendant's claim that Plaintiff's allegations fail under the First Amendment is misplaced. Defendant cannot argue that the use of Mr. Melendez' image and voice was noncommercial, and that Defendant did not intentionally utilize Plaintiff's celebrity for monetary gain without his consent. *See Comedy III Productions, Inc. v. Gary Saderup, Inc.*, 25 Cal. 4th 387, 400 (2001).

MIAMI | CHICAGO | NEW YORK | SALT LAKE CITY

Zumpano Patricios Satellite Offices:
ARGENTINA | BAHAMAS | BRAZIL | CHILE | COSTA RICA | CZECH REPUBLIC
DOMINICAN REPUBLIC | FRANCE | GERMANY | INDIA | ITALY | KEY WEST | MEXICO | PANAMA | POLAND | SPAIN

Honorable Paul A. Crotty
October 30, 2020
Page 4 of 4

                                 Respectfully submitted,

                                 **ZUMPANO PATRICIOS & POPOK, PLLC**

                                 */s/ Michael S. Popok*

                                 Michael S. Popok

cc:      All Parties via ECF

MIAMI | CHICAGO | NEW YORK | SALT LAKE CITY

Zumpano Patricios Satellite Offices:
ARGENTINA | BAHAMAS | BRAZIL | CHILE | COSTA RICA | CZECH REPUBLIC
DOMINICAN REPUBLIC | FRANCE | GERMANY | INDIA | ITALY | KEY WEST | MEXICO | PANAMA| POLAND | SPAIN